IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ALLSTATE INSURANCE COMPANY**                                    **PLAINTIFF**

**V.**                                                   **NO. 4:07cv155-A-S**

**WILLIE J. PERKINS, SR.,**
**SHERIEL PERKINS, AND WILLIE J. PERKINS, JR.**               **DEFENDANTS**

**MEMORANDUM OPINION**

The court has before it three motions filed by plaintiff and defendants in the above-titled action. Plaintiff has filed a complaint for declaratory judgment seeking a determination that Allstate Insurance has no duty under defendants' policies to defend or indemnify the Perkins family in an ongoing lawsuit. Allstate subsequently filed a Motion for Summary Judgment [11] and a Motion to Strike Defendants' Summary Judgment Motion [9]. Defendants have also filed a Motion for Summary Judgment [25]. With regard to these motions, the court rules as follows:

*A. Factual and Procedural Background*

Allstate filed this action for a declaratory judgment for the purpose of determining whether or not, and/or to what extent, it has a duty to provide coverage, a defense, and/or indemnity to Willie J. Perkins, Jr., Willie J. Perkins, Sr., Sheriel Perkins, or any of the Perkins' children, in regard to any claim or legal action arising out of the events alleged in the lawsuit filed against the Perkins in the Circuit Court of Leflore County, Mississippi. That lawsuit was filed by Vera Kemp and Alondus Anderson on February 20, 2007. In that lawsuit, Vera Kemp is suing both individually and on behalf of her daughter, Latara Kemp, and Alondus Anderson is suing individually. Kemp and Anderson have sued the Perkinses, as well as several other defendants and have asserted several different legal theories against the various defendants.

1

The Kemp lawsuit alleges that on May 5, 2006, Latara Kemp departed from Greenwood High School in her Nissan Maxima and arrived on Palace Street near 806 South Boulevard, the address of Sheriel and Willie Perkins, Sr.'s home. As she parked her car outside of the Perkins' home, Willie J. Perkins, Jr. and his younger brother, Jamal Perkins, approached Latara Kemp's car yelling, screaming and brandishing raised baseball bats. Fearing for her life, Kemp refused to get out of the car and sped away. Following this encounter, the Kemp lawsuit alleges that Latara Kemp and her sister, Alondus Anderson, went to the Greenwood Police Department to file assault charges against the Perkins brothers.

The Kemp lawsuit also alleges that Kiara Williams and her mother, Carla Williams, who supposedly has a child by a brother of Willie J. Perkins, Sr., filed a false affidavit against Latara Kemp alleging that she had assaulted Kiara Williams with a gun. Several members of the Perkins' family apparently witnessed this assault and are listed as witnesses on the Greenwood Police Department Events Report. According to the Kemp lawsuit, based on the affidavits of Carla and Kiara Williams, Leflore County Youth Court Judge Solomon Osborn gave a verbal order to the Greenwood Police Department to arrest Latara Kemp. Kemp was arrested and detained for twenty days in the Leflore County Juvenile Detention Center. Judge Osborn later recused himself from the case and appointed Judge James Littleton as his successor. Eventually, the Mississippi Supreme Court ordered Latara Kemp's release after the court ruled that Judge Littleton did not have the authority to detain Kemp for such a lengthy period of time.

The Kemp lawsuit also alleges that after Kemp was arrested on May 5, 2006, her sister and guardian, Alondus Anderson, attempted to sign an affidavit, offense report, and or statement based on information and belief with the Greenwood Police Department about the assault which Latara Kemp allegedly endured at the hands of the Perkins brothers. The Kemp lawsuit alleges that

2

members of the Greenwood Police Department obstructed justice and hindered Kemp's access to the court system in violation of her constitutional rights by preventing Alondus Anderson from completing the necessary paperwork to file charges against the Perkins brothers. Subsequently on June 8, 2006, Latara Kemp and her mother, Vera Kemp, were successful in filing an affidavit against the Perkins brothers for the alleged assault.

Finally, the Kemp lawsuit alleges that the City of Greenwood has deprived Latara Kemp and Vera Kemp of their constitutional rights to access to the court because the Perkins brothers have not appeared in Greenwood Municipal Court to address and/or contest the assault charges against them, and that the Greenwood Police Department has deprived the Kemps of their constitutional rights by not forwarding their affidavits to the Greenwood City Prosecutor.

After receiving service in the Kemp lawsuit, Willie Perkins, Sr., tendered its defense to Allstate under his policy and Willie Perkins, Jr.'s policy. These policies were in full force and effect at the time of tender, and notice of the Kemp lawsuit to Allstate was timely. On September 24, 2007, Allstate filed the present action for declaratory judgment against the Perkins. On December 6, 2007, Allstate filed a preemptive Motion to Strike any Motion for Summary Judgment filed by defendants. On December 13, 2007, Allstate filed a Motion for Summary Judgment. On March 24, 2008, defendants filed their Motion for Summary Judgment.

*B. Allstate's Motion for Summary Judgment [11]*

The court presently has before it a motion for summary judgment filed by Allstate Insurance pursuant to Federal Rule of Civil Procedure 56. Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106

S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "The interpretation of an insurance policy is a question of law, not one of fact." Progressive Gulf Ins. Co. v. Dickerson and Bowen, Inc., 965 So. 2d 1050, 1054 (Miss. 2007) (citing Lewis v. Allstate Ins. Co., 730 So. 2d 65, 68 (Miss. 1988)).

"Under Mississippi law, whether a liability insurance company has a duty to defend hinges on the language of the policy." Rogers v. Allstate Insurance Co., 938 So. 2d 871, 874 (Miss. Ct. App. 2006)(citing United States Fid. & Guar. Co. v. Omnibank, 812 So. 2d 196, 200 (Miss. 2002) (citations omitted)). If the terms of an insurance contract are unambiguous, then the court should apply the policy as written, affording its words their plain, ordinary meaning. Progressive Gulf, 965 So. 2d at 1054 (citing Paul Revere Life Ins. Co. v. Prince, 375 So. 2d 417, 418 (Miss. 1979)). On the other hand, if a clause in an insurance agreement is ambiguous, then the court should construe its language most strongly against its preparer, the insurance company. Omnibank, 812 So. 2d at 198. The specter of ambiguity arises when reasonable persons could create more than one reasonable interpretation of the language. Farmland Mut. Ins. Co. v. Scruggs, 886 So. 2d 714, 718 (Miss. 2004).

The law governing the interpretation of insurance contracts is well settled in Mississippi. In determining whether an insurer has an obligation to defend or indemnify, a court must examine all of the allegations in the underlying complaint. Omnibank, 812 So. 2d at 198. "The duty to defend is broader than the insurer's duty to indemnify under its policy of insurance: the insurer has a duty to defend when there is any basis for potential liability under the policy." Id. (citing Merchants Co. v. Amer. Motorists Ins. Co., 794 F. Supp. 611, 617 (S.D. Miss. 1992)). In reviewing the allegations in a complaint, the trial court need only determine whether the claimant states a claim that is within, or arguably within, the scope of coverage provided by the insurance policy. Ingalls v. Shipbuilding v. Fed. Ins. Co., 410 F.3d 214, 225 (5th Cir.), *reh'g granted in part*, 423 F.3d 522

4

(5th Cir. 2005). The ultimate outcome or merit of the claim is irrelevant in determining whether the insurer has a duty to defend. Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 399 (5th Cir. 2008). "Under Mississippi's 'allegations of the complaint' rule if the factual allegations of the complaint bring the action within coverage of the policy, the insurer has a duty to defend." Equal Employment Opportunity Comm'n v. Southern Publ'g Co., 894 F.2d 785, 790-91 (5th Cir. 1990).

Although the Kemp lawsuit alleges multiple grounds for recovery, and Allstate is required to defend or indemnify the Perkins if any of these suits fall within the terms of the policies, only two pertain to the Perkins: Count Four, civil assault and battery; and, Count Seven, premises liability. If either of these grounds falls within the terms of the policy, Allstate must provide a defense for the Perkins. Am. Guarantee & Liab. Ins. Co. v. 1906 Co., 273 F.3d 605, 611 (5th Cir. 2001). In its motion for summary judgment, Allstate argues that it is not obligated to defend or indemnify the Perkins for three reasons: 1) there was no occurrence, as defined by the policy, which would have triggered coverage; 2) there was no bodily injury or property damage, as defined by the policies, sustained by Ms. Kemp; and 3) coverage is excluded by a clear and unambiguous exclusion clause in the policies. The court, having considered the memoranda and submissions of the parties, concludes that Allstate's motion for summary judgment should be granted.

**1. Count Four: Civil Assault and Battery**

Allstate contends that summary judgment for the civil assault and battery claim is proper because the Perkins' policies exclude coverage for any claims made in the Kemp lawsuit that may have arisen out of the intentional and allegedly criminal act of assault committed by the Perkins brothers. Exclusion 1 under Coverage X in both policies provides:

5

**Losses We Do Not Cover Under Coverage X:**

1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of any insured person. This exclusion applies even if:
   a) such insured person lacks the mental capacity to govern his or her conduct;
   b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or
   c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

Allstate argues that the Kemp lawsuit alleges that the Perkins brothers intentionally assaulted Latara Kemp with baseball bats resulting in extreme emotional distress; therefore, it is not required to defend or indemnify the Perkins under the terms of the policies.

The Perkins first argue that Allstate's duty to defend arises out of the language of the Kemp complaint, which alleges negligent and intentional conduct. Count Five of the complaint reads as follows:

> 42. The Defendants, Willie Perkins, Jr. and Jamal Perkins are liable to the Plaintiff Latara Kemp for civil assault and battery. The Plaintiff Latara Kemp alleges that the aforementioned Defendants intentionally and/or negligently inflicted extreme emotional distress upon her mind, spirit, and body by attempting to attack her with raised baseball bats in a threatening manner. . . . Willie Perkins, Sr. and Sheriel Perkins are vicariously liable for the intentional or negligent actions of their minor son, Jamal Perkins. . . . In addition, Sheriel Perkins is personally liable to Plaintiff Latara Kemp for using profane and becoming words when addressing Ms. Kemp putting Ms. Kemp in fear of Mrs. Perkins.
>
> 43. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

Allstate, however, is not obligated to defend or indemnify the Perkins simply because the operative complaint employs the term negligence. "When comparing the words of the complaint with the words of the policy, 'we look not to the particular legal theories' pursued by [Kemp], 'but to the allegedly tortious conduct underlying' the suit." Ingalls, 410 F.3d at 225 (quoting 1906 Co., 273 F.3d at 610). The claims against the Perkins brothers are for assault, and the claims against Mr. and

6

Mrs. Perkins allege vicarious liability related to that assault. Further, the claim against Mrs. Perkins is for intentionally speaking profanely. An act is intentional when, "according to the declaration, the chain of events leading to the injuries . . . were set in motion and followed a course consciously devised and controlled by [the insured] without the unexpected intervention of any third person or extrinsic force." Omnibank, 812 So.2d at 200 (quoting Allstate Ins. Co. v. Moulton, 464 So. 2d 507, 509 (Miss. 1985)). The underlying actions of the insured were intentional, and Allstate's duty to defend "does not extend to negligent actions that are intentionally caused by the insured." Id. at 202.

The Perkinses also contend that they have been drawn into this lawsuit by the intentional actions of others on their property, namely Latara Kemp's alleged assault of Kiara Williams with a gun, and not by the actions of the Perkins brothers. While this argument may create a controversy as to whether there was an occurrence as defined by the language of the Perkins' policies, it does not negate the effect of the intentional acts exclusion. The assault allegedly perpetrated by the Perkins brothers was clearly intentional, and Allstate is not required to defend or indemnify the Perkins for any claims resulting from the intentional actions of the insured. For this reason, Allstate's motion for summary judgment as to the Kemps' civil assault and battery claim will be granted.

**2. Count Seven: Premises Liability**

In Count Nine of the complaint, Latara Kemp asserts a premises liability claim, which declares that Mr. and Mrs. Perkins owed:

> Plaintiff Latara Kemp the duty to protect and provide a safe and conducive atmosphere for Plaintiff Latara Kemp to speak with members of the Perkins family until she had been advised to leave the property and not return. Said defendants breached that duty, and negligently allowed said plaintiffs to be assaulted and/or harassed on or near the home and property of Willie Perkins, Sr. and Sheriel Perkins.

Allstate argues that the alleged tortuous conduct underlying Ms. Kemp's lawsuit is the intentional

action of Jamal and Willie Perkins, Jr., not the passive negligence of Willie Perkins, Sr. and Sheriel Perkins. Allstate is not obligated to defend or indemnify the Perkins simply because the operative complaint contains a premises liability claim. See Foreman v. Continental Cas. Co., 770 F.2d 487, 489 (5th Cir. 1985) ("a reference to negligence does not override the exclusion"). The underlying actions of the insured were intentional and Allstate's duty to defend "does not extend to negligent actions that are intentionally caused by the insured." Omnibank, 812 So.2d at 202. As Latara Kemp's complaint does not state a claim that is arguably within the scope of coverage provided by the policies, Allstate is not obligated to defend or indemnify the Perkins; therefore, Allstate's motion for summary judgment will be granted.

*C. Defendants' Motion for Summary Judgment [25], and Allstate's Motion to Strike Defendants' Motion for Summary Judgment [9]*

Defendants' motion for summary judgment and Allstate's motion to strike defendants' motion for summary judgment will be denied, based upon the court's order issued this date granting Allstate's motion for summary judgment.

*D. Defendants' Appeal of the Magistrate Judge's Decision [19]*

By Order dated February 14, 2008, Magistrate Judge Bogen imposed a $350.00 sanction on Willie J. Perkins, Sr., an attorney proceeding pro se and acting as counsel for other defendants, for failing to submit a confidential memorandum as required by Rule 16.1. Moreover, because of his failure to submit said memorandum, the case management conference had to be rescheduled as no advance notification of Perkins' disregard of the Rule was evident.

Willie J. Perkins, Sr., appeals this decision and argues that imposition of the sanctions was clearly erroneous and contrary to law because Perkins has no history of failing to submit confidential memoranda before the court, and the magistrate judge failed to give any prior warning or notice that

sanctions may be imposed for failing to comply. Further, Perkins argues that he in good faith believed that a confidential memorandum was not necessary since no monetary damages were requested by either party.

Local Rule 16.1 provides that "[e]ach party shall submit to the magistrate judge a confidential memorandum . . . setting forth a brief explanation of the case and a candid appraisal of the respective positions of the parties . . ." Federal Rule of Civil Procedure 16(f) states that a court may issue sanctions if a party or its attorney "is substantially unprepared to participate . . . in the conference; or fails to obey a scheduling or other pretrial order."

Rule 16.1 mandates the submission of a confidential memorandum, regardless of the good faith belief that one was not necessary. This Court cannot say that it was clearly erroneous or contrary to law to impose sanctions when such sanctions are approved under the Federal Rules where a party or its attorney fails to obey the magistrate judge's explicit orders in its Rule 16.1 Initial Order [10]. Accordingly, such sanctions are warranted, and the Defendants' appeal is DENIED.

*Conclusion*

For the reasons previously stated, it is ordered that Allstate's Motion for Summary Judgment [11] is granted, while defendants' Motion for Summary Judgment [25] and Allstate's Motion to Strike Defendants' Motion for Summary Judgment [9] are denied. Further, Willie J. Perkins, Sr., is ordered to pay to the Clerk of the Court within seven (7) days of this order the sum of $350.00 as his Appeal of the Magistrate Judge's Decision is DENIED. Any failure by Perkins to comply with this order of the court may result in suspension of Willie J. Perkins, Sr.'s right to practice before this court.

**SO ORDERED**, this the   15th   day of September, 2008.

                                       **/s/ Sharion Aycock**
                                       **U.S. DISTRICT JUDGE**